UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNIQUE LOGISTICS INTERNATIONAL (ATL), INC., et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) ) | Civil No. 08-08-P-H |
| FORESIDE GROUP, LLC, et al., | ) ) ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR ATTACHMENT AND TRUSTEE PROCESS**

After notice to the defendants and with hearing on affidavits as to defendant Mark E. Woodsum, but without hearing as to defendant Foreside Group, LLC ("Foreside"),[1] the court finds that:

1. The plaintiffs/movants have failed to carry their burden of showing that it is more likely than not that any one or more of them will prevail against defendant Woodsum on the merits of this action inasmuch as (i) although all three plaintiffs performed services for Foreside with respect to which an attachment is sought, the personal guarantee executed by Woodsum ("Guarantee") runs in favor of only one of the plaintiffs, Unique Logistics International (ATL), Inc. ("Unique Atlanta"), (ii) the plaintiffs adduce no evidence that Woodsum either was a party to, was aware of at the time of the guarantee signing, or otherwise consented to a purported contract ("Payment Contract") whereby Foreside agreed to pay to Unique Atlanta all sums due

---

[1] Defendant Foreside has waived all objection to the motion inasmuch as it has failed to file an opposition within the time permitted for doing so. As a consequence, Foreside is not entitled to a hearing. Me. R. Civ. P. 4A(c).

and owing to any of the three plaintiffs, (iii) Woodsum avers that he was unaware of the Payment Contract at the time of the guarantee signing and never consented to it, and (iv) on the showing made, the Payment Contract constituted a material alteration in the principal contract that injured the interest of Woodsum as guarantor – a circumstance warranting discharge of a guarantor from his guarantee obligation, *see, e.g., J.G.M.C.J. Corp. v. Sears, Roebuck & Co.*, 391 F.3d 364, 369 (1st Cir. 2004); *Bumila v. Keiser Homes of Me., Inc.*, 1997 ME 139, ¶ 14, 696 A.2d 1091, 1094. In addition, while Woodsum agreed that he was "personally obligated to perform all of the terms of, and make all payment to [Unique Atlanta] required by the agreement of which this company is a part[,]" Guaranty, the plaintiffs have not adequately identified that agreement or explicated its terms and conditions.

2. On the basis of the affidavit of Robert C. Shaver filed in support of the motion, it is more likely than not that one or more of the plaintiffs will recover judgment in this action against defendant Foreside, including interest and costs, in an amount equal to or greater than $135,027.52, and Foreside has not shown that there is liability insurance, bond, or other security, or other property or credit attached by other writ of attachment or by trustee process, available to satisfy any such judgment.

Therefore, it is **_ORDERED_** that attachment, including attachment on trustee process, may be made by any one or more of the plaintiffs against the property of defendant Foreside in the amount of $135,027.52. As to defendant Woodsum, the motion is **_DENIED_** on the showing made.

Dated this 21st day of February, 2008.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge